**Patrick ROACH, Plaintiff–Appellant,**

v.

**State of ARIZONA, Defendant–Appellee.**

No. 00–16185.

D.C. No. CV–96–01119–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Patrick Roach appeals the grant of summary judgment to defendants. We review de novo and must view the evidence in the light most favorable to Roach to determine whether any genuine issues of material fact require adjudication at trial. *See Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Roach's defamation claim is based on the concluding paragraph of a memo recording Hunter's recollection of defendant Jenkins' oral statements. We agree with the district court that these statements constitute opinion protected under the First Amendment. *See Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 19–21, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990); *Partington v. Bugliosi,* 56 F.3d 1147, 1153 (9th Cir.1995).

Roach's claims against Arizona State Retirement System ("Arizona") are also without merit. His Title VII claim fails because, even if Roach could substantiate his allegations and demonstrate a causal link to the employment action taken against him, he has not shown that it is based on activity protected by Title VII. *See Jurado v. Eleven–Fifty Corporation,* 813 F.2d 1406, 1411–12 (9th Cir.1987) (dismissing retaliation claim where plaintiff did not show dismissal based on activity Title VII protects).

Roach's ADA claim requires evidence that the mental exam was not related to the requirements of his job. *See* 42 U.S.C. § 12112(d)(4)(A); *Fredenburg v. Contra*

*Costa Cty. Dep't of Health Servs.,* 172 F.3d 1176, 1182 (9th Cir.1999). Arizona offered substantial evidence of specific erratic work behavior by Roach that justified the necessity for the exam. Roach did not dispute any of this evidence, except through conclusory denials and accusations of witness bias. Accordingly, summary judgment was appropriate. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

